## D. C. ROBERTSON V. THE STATE.

### No. 10080.   Delivered April 28, 1926.

1.—Manslaughter—Evidence—Held Sufficient—No Error Presented.

Where on a trial for murder, resulting in a conviction for manslaughter, the evidence disclosing that the homicide grew out of an assault made by deceased on the young daughter of the appellant, and the appellant's own testimony showing a case of manslaughter, and the minimum punishment having been inflicted, we find no warrant for disturbing the judgment, and same is affirmed.

ON REHEARING.

2.—Same—Charge of Court—No Error Presented.

Where the jury fails to give the accused a suspended sentence, this court is not authorized to reverse a case for that reason, nor can we hold that a failure to charge on self-defense is a reversible error, when no exception was taken to the court's failure to submit such issue, and no special charge was requested.

Appeal from the District Court of Palo Pinto County.   Tried below before the Hon. J. B. Keith, Judge.

Appeal from a conviction for manslaughter, penalty two years in the penitentiary.

The opinion states the case.

*Oxford & Johnson* of Stephenville, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is manslaughter, and the punishment is two years in the penitentiary.

The killing grew out of an assault which is alleged to have been made by the deceased on the young daughter of the appellant. The court submitted the case on the issues of murder and manslaughter; no charge on self-defense or other justification was given or asked, and the failure to so submit any such issue was not excepted to by appellant, and no complaint is made with reference thereto.

There are no bills of exceptions in the record and no special charges offered and refused. There are various exceptions to the court's charge. The appellant's own testimony, however, shows beyond dispute that he was guilty of manslaughter, and in view of the fact that he was given the minimum punish-

ment for this offense, we are not called upon to review the alleged errors in the court's charge in submitting this issue to the jury as an incorrect charge on this subject could not have possibly injured him in this case.   Nunos v. State, 124 S. W. 941.

Finding no error in the record, the judgment is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We cannot reverse a judgment for manslaughter because the jury did not give to the accused a suspended sentence; nor can we hold the failure to charge on self-defense reversible error where no special charge is requested presenting the issue of self-defense and no exception was taken to the charge for its failure to submit the law of such issue. These are the only two questions raised in the motion for rehearing.   Same will be overruled.

*Overruled.*