## Henry Mitchell v. The State.

### No. 3981.  Decided December 12, 1908.

**1.—Murder—Evidence—Character of Injury—Deadly Weapon.**

Upon trial for murder there was no error in permitting a State's witness to testify that as the deceased ran away the blood was gushing from her throat. This was a part of the State's case to show whether the injury was inflicted with an instrument calculated to produce death, and as to the manner of its use.

**2.—Same—Argument of Counsel.**

Where upon trial for murder the district attorney simply recounted what the testimony reflected, there was no error.

**3.—Same—Evidence—Declarations of Defendant—Witness under Rule.**

Upon trial for murder there was no error in the action of the court in suspending the rule, where witnesses had been placed under the rule, as to a witness who was an attorney-at-law, and permitting him to testify to the threats made by defendant against the deceased.

**4.—Same—Continuance—Bill of Exceptions.**

Where upon appeal no bill of exceptions to the action of the court in overruling an application for continuance appeared in the record, the same could not be considered.

**5.—Same—Sufficiency of the Evidence.**

Where upon appeal from a conviction of murder the evidence amply supported the verdict, the same was not against the evidence.

**6.—Same—Charge of Court—Practice on Appeal.**

An objection that the court failed to charge all the law applicable to the case is too general to be considered on appeal.

**7.—Same—Charge of Court—Reasonable Doubt.**

Where upon trial for murder the charge of the court as a whole was correct, and not subject to the criticism that it did not apply the reasonable doubt to the question between manslaughter and murder in the second degree, there was no error.

Appeal from the District Court of Lamar.  Tried below before the Hon. Ben. H. Denton.

Appeal from a conviction of murder in the first degree; penalty, imprisonment in the penitentiary for life.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—Appellant was convicted of murder in the first degree, and his punishment assessed at life imprisonment.

The facts of this case show the appellant on or about the 15th day of May, 1907, in the city of Paris, Lamar County, killed his wife by cutting her throat with a razor.  Appellant and his wife had been separated.  On the evening of the killing he purchased a razor from a man by the name of Backus, who ran a repair shop,

and went on down to the house where his wife was staying. She was sitting out on the porch; he went up to her, commenced talking to her, kissed her and appeared to be very affectionate. She saw he had a razor sticking in his shoe; she commenced talking to him about the razor and asked him what he was going to do with it. He came up and sat down across his wife's lap and kissed her. His wife told him to get up and go on; that she had some work to do. He jerked his razor out, said, "God damn you," and slashed his wife across the throat and ran off. The blow almost severed her head from the body. She died in three or four minutes.

The defendant took the stand and testified that he went down to see his wife, and tried to get his wife to live with him, and said he killed her because she spat in his face and because he was mad at her, and "when she spat in my face she fell back on the floor laughing, and I just reached across with my right hand and cut her." The court submitted the case to the jury on murder in the first degree, murder in the second degree, and also on manslaughter. We find in the record, bill of exceptions No. 1, wherein the appellant complained at the action of the court in permitting the witness Mandy Shelby to testify over appellant's objection, that as the deceased ran away the blood was gushing from her throat. Appellant objects to this because it would tend to inflame the minds of the jury against appellant, as there was no controversy about the location of the wound or the cause of her death. It was part of the State's case to be made out as to whether the injury was inflicted with an instrument calculated to produce death or as to the manner in which the instrument was used to determine the intent of the party. It was as much a part of the State's case to prove the seriousness of the wound and its character as it was to prove that the wound was inflicted by appellant. The objection is without merit.

The second bill of exceptions is to the remarks of the district attorney while addressing the jury, complaint being made to the following language: "I desire to draw a word picture of the terrible crime for which the defendant is being prosecuted. I desire to state that as the deceased ran from the scene of the difficulty her heart was pumping and the blood from the wound in her throat was gushing all over her person, leaving a trail of blood behind." This was objected to as being inflammatory and calculated to unduly influence the jury against appellant. This was legitimate argument in the case. The district attorney was simply recounting what the testimony reflected. The proof showed that after the wound was inflicted the blood gushed from deceased.

The third bill of exceptions is to the action of the court in permitting the State to place Bob Lewis upon the stand and ask him if it was not a fact that on Sunday before the death of appellant's wife, that the defendant stated to him that he believed his

wife was unfaithful to him and he believed he ought to go over
and kill her, the objection being made that the witness. Lewis was
never placed under the rule; that the State had asked the rule and
all witnesses had been placed under the rule and that Lewis had re-
mained in the courtroom and heard all the testimony. The judge
qualifies the bill by saying that the witness Lewis was a practicing
attorney at the bar, and that the rule had always been not to place
attorneys under the rule. This is a matter of discretion of the
trial court, and this court can not revise the action of the lower
court unless the record shows that this discretion has been abused.
The bill fails to show how appellant was injured by this action of
the court. This bill is without merit. The action of the court
in suspending the rule as to this witness who was a counselor and
officer of the court was entirely proper.

We find in the record an application for continuance, but as
the record contains no bill of exceptions to the action of the court
in overruling the application for continuance we can not consider
same.

The first ground of the motion for new trial is because the ver-
dict is against the law and evidence. It is sufficient answer to
this ground of the motion to say that the evidence amply supports
the verdict.

The third ground of the motion complains that the court failed
to charge all the law applicable to the case and is too general to
be considered.

The fourth ground of the motion is that the court erred in the
26th paragraph of his charge to the jury, in not applying the
reasonable doubt to the question as to whether the deceased had
done any act at the time of the killing which would reduce the
offense to manslaughter or murder in the second degree. The 25th
paragraph of court's charge is as follows: "If you believe from
the evidence that the defendant cut and killed deceased at the time
and place alleged in the indictment, yet if you further believe that
at the time of or prior to the homicide the said deceased had said
anything or had done anything or did anything which created in the
mind of the defendant such a degree of anger, rage, sudden re-
sentment or terror as to render his mind at the time incapable of
cool reflection and in such a state of mind he cut and killed said
Jimmie Mitchell, then if you so believe you will find the defendant
guilty of manslaughter and assess his punishment as heretofore
charged." This paragraph was a part of the charge given on the
subject of manslaughter and was defining what would constitute
manslaughter. In the 28th paragraph of the court's charge the court
applies the reasonable doubt to all the degrees of culpable homicide,
and in it the court says that if they have a reasonable doubt as to
whether defendant is guilty of murder in the first degree or second
degree, they would give defendant the benefit of the doubt and

acquit him of the higher offense; and the court further charged the jury that "if from the evidence you believe beyond a reasonable doubt that the defendant is guilty of some grade of culpable homicide but you have a reasonable doubt whether the offense, if any, is murder in the second degree or manslaughter, then you must give the defendant the benefit of the doubt and in such case if you find him guilty it could not be of a higher grade of offense than manslaughter." We are of opinion that the charge of the court as a whole was correct; that it is not subject to the criticisms of appellant, and that the appellant has had a fair and impartial trial, and that there are no errors of sufficient importance to justify us in reversing the case, and the judgment is therefore affirmed.

*Affirmed.*