PABLO VILLAFRANCO v. THE STATE.

No. 5167.   Decided November 6, 1918.

**1.—Rape—Evidence—Other Transactions.**

Upon trial of rape, upon a female under the age of fifteen, there was no error in admitting in evidence testimony as to three separate acts of sexual intercourse, two of which occurred in one county and one in the county of the prosecution. Davidson, Presiding Judge, Dissenting.

**2.—Same—Evidence—Hearsay.**

Upon trial of rape it was reversible error to permit a State's witness to testify that, a few months before he testified, the prosecutrix showed him a particular place in the county of the prosecution and told him what occurred there; this was purely hearsay.

**3.—Same—Conduct of District Attorney—Cross-examination—Letter.**

Upon trial of rape, the court should not have permitted the district attorney, while cross-examining the defendant, to ask him questions, apparently from a letter held in his hands and in full view of the jury, as to what defendant's brother was writing about, telling him in this letter to get out of the country, etc.; the letter not having been introduced in evidence. Following Hollingsworth v. State, 78 Texas Crim. Rep., 489.

**4.—Same—Husband and Wife—Cross-examination.**

Upon trial of rape, the State's counsel should not have been permitted, on cross-examination, to show that the defendant's wife had charged him with this offense.

Appeal from the District Court of Bee. Tried below before the Hon. F. G. Chambliss.

Appeal from a conviction of rape; penalty, twenty-seven years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks*, Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of rape upon a girl under fifteen years of age, his punishment being assessed at twenty-seven years confinement in the penitentiary.

The facts show prosecutrix was appellant's stepdaughter. The girl testified to three acts of intercourse, two in Goliad County and one in Bee County. Appellant denied having intercourse with the girl at

any time or place. When the two acts of intercourse were introduced appellant urged exceptions. Various grounds are stated as basis of the exceptions. The writer is of opinion the testimony was not admissible. Evidence of other crimes may be admissible, owing to the circumstances of the individual case. This court has held in a number of recent cases that under certain circumstances acts of this character may be introduced. As the writer understands the law with reference to extraneous crimes and other offenses than that on trial, they may be introduced in developing res gestae, showing intent, or connecting the defendant with the crime on trial. These exceptions are fairly well understood from the decisions and the law generally, and it is also well settled they are not admissible unless they tend in some way to elucidate some question in the case on trial that is not clear otherwise, and which will assist in elucidating. The issue was positive that defendant had intercourse with her in Bee County. It was positively denied. No one testified to any intercourse except the girl, either in Bee or Goliad County. If the girl testified to the truth the State's case was made out, so far as the act of intercourse is concerned. If the jury believed appellant's statement that it did not occur, then the State was without a case. The two acts testified by her in Goliad County did not and could not show that he had intercourse with her in Bee County. He may have had intercourse with her in both counties, and under her testimony did, but the two acts testified by her in Goliad County could not develop res gestae, nor show his intent, nor connect him with the case in Bee County. If he had intercourse with her in Bee County, it was independent of the acts in the other county, and was a positive fact asserted by the girl. It did not elucidate any issue as to the case in Bee County. The writer is of opinion this testimony, upon another trial, should not be admitted. The majority of the court holds the acts in Goliad County are admissible, and no error was committed. See Bradshaw v. State, 82 Texas Crim. Rep., 351, 198 S. W. Rep., 942.

Another bill recites that the witness Wright was permitted to testify for the prosecution that a few months before he testified that prosecutrix showed him a particular place on the Lucas farm, in Bee County, and told him what occurred there. Objection was urged to this testimony, and the court was requested to withdraw it from the jury. We are of opinion this exception was well taken. It was not proper to show by the witness that the girl had taken him to the place where she says the act of intercourse occurred, and show him the place. This was a matter occurring between the two witnesses, and in the absence of the defendant, and a matter occurring between third parties, in no way binding upon defendant, and was not in any way a corroboration of the girl. Time was too remote. There are cases holding that the place supposed to be the scene of the act might be introduced in evidence if shown shortly after the transaction, and there was evidence of a struggle or matter of that character that tended to corroborate the prosecutrix, but nothing of that sort occurred here, and this was a

matter entirely of a hearsay nature, and occurring between different parties, and served in no way, so far as this record is concerned, to elucidate or illustrate any question in the case.

Another bill of exceptions was reserved to the ruling of the court permitting the district attorney, while cross-examining the defendant, to ask him questions, apparently from a letter held in his hands, and in full view of the jury, as to what Lazaro (defendant's brother) was writing about in Lazaro's letter to him about the 1st of December and whether defendant remembered of Lazaro telling him in this letter to get out of the country, and if Lazaro did not also tell him in this letter that his trip to Brownsville had been in vain and that he had failed to reconcile these people. Quite a lot of this character of examination was indulged over many objections of appellant. This testimony was inadmissible. The letter was not introduced as shown by the bill or by any evidence, but counsel, holding it in his hands, asked questions. In Hollingsworth v. State, 78 Texas Crim. Rep., 489, this matter was reviewed by Judge Harper, and the testimony held inadmissible. The writer does not deem it necessary to review this question. The Hollingsworth case seems to settle it, and correctly.

There is another bill which recites that while defendant was being cross-examined the State's counsel asked the following question about matters not brought out by the defense: "Now, who laid it (meaning the commission of the crime) on you?" To this question objection was urged, overruled and the witness required to answer: · "My wife laid it on me." This was a matter between defendant and his wife about which he could not be required to testify. This much is said so that upon another trial the matter will not arise.

For the reasons indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*