OLLIE WILLINGHAM v. THE STATE.

No. 7795.    Decided June 13, 1923.

1.—Transporting Intoxicating Liquor—Husband and Wife—Cross-Examination.

Where, upon trial of transporting intoxicating liquor, defendant objected to the cross-examination of his wife, asserting fundamental error therein, *held*, that the court finds no transgression of the legitimate cross-

examination of the wife; besides, the theory of fundamental error without an objection made upon the trial has not been adhered to. Qualifying Brock v. State, 44 Texas Crim. Rep., 335. Following Brown v. State, 88 Texas Crim. Rep., 55. and other cases.

### 2.—Same—Evidence—Discretion of Court—Newly Discovered Evidence.

In the absence of a showing that the trial judge abused his discretion, which the law vests in him, touching newly discovered evidence, in overruling a motion for a new trial, there is no reversible error.

Appeal from the District Court of Grayson. Tried below before the Honorable F. E. Wilcox.

Appeal from a conviction of transporting intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*B. F. Gafford,* for appellant.—On question of newly discovered evidence, Spencer v. State, 153 S. W. Rep., 858.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The offense is transporting intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

Appellant and a lady were seen by the State's witnesses traveling in an automobile, going north and crossing the Red River into Oklahoma. They were later seen coming from Oklahoma into Texas. The car was stopped and searched, and in it were found twelve gallons of corn whisky, also a pistol. The explanation made by the appellant and his witnesses was that packages containing whisky were put into the car by another person without their knowledge of its contents, and that appellant had received two dollars for taking a man and the packages to Pottsboro; that on the approach of the officers this man fled. The wife of the appellant, in his behalf, testified in detail to these defensive matters.

The bill sets out in question and answer form the cross-examination of the wife. We have failed to observe anything contained in it other than that which is germane to the direct examination. No objection was made to the cross-examination, but relying upon the case of Brock v. State, 44 Texas Crim. Rep. 335), appellant presents a bill complaining of it as fundamental error. As stated above, we find in the bill no trangression of the legitimate cross-examination of the wife. Moreover, the rule stated in Brock v. State, supra, to the effect that the improper cross-examination of the wife is available as fundamental error without an objection made on the trial, has not been adhered to. The instant case, moreover, is distinguished from the Brock case, supra, in that the court was therein controlled by the rule pertaining to confidential communications. The inquiries

in the main, are addressed to the evidence of the appellant's wife touching the placing of the whisky in the car by a stranger and his subsequent acts with reference thereto. This character of testimony comes under a different phase of the statute from that forbidding the disclosure of confidential communications. That part of the Brock case permitting the accused to introduce his wife in evidence, to remain silent during her cross-examination, and to secure a reversal of the case in the event any part of the cross-examination impinges upon the rule forbidding the use of the wife as a witness against the husband, was discarded by this court in an undivided opinion in Ward's case, 70 Texas Crim. Rep. 393. (See page 407). That part of the Brock case which affirms the duty of the court to protect the accused against improper cross-examination of his wife has been sustained, but only on condition that he interpose an objection at the time. See Bennett v. State, 80 Texas Crim. Rep., 652, 194 S. W. Rep. 149; Norwood v. State, 80 Texas Crim. Rep., 552, 192 S. W. Rep. 249; Roberts v. State, 74 Texas Crim. Rep. 150, 168 S. W. Rep. 101, (see page 111); Eads v. State, 76 Texas Crim. Rep., 647, 170 S. W. Rep. 145; Villafranco v. State, 84 Texas Crim. Rep. 195; Lovett v. State, 87 Texas Crim. Rep. 548; Brown v. State, 88 Texas Crim. Rep. 55; Bell v. State, 55 Texas Crim. Rep. 64. See also Vernon's Tex. Crim. Stat., 1922 Sup., Vol. 2, pages 794 and 795, C. C. P., and notations.

On the motion for new trial a witness was produced who testified that he saw a man enter appellant's car and put some packages or boxes in it. We are not prepared to say that the trial judge abused the discretion which the law vests in him touching newly discovered evidence in overruling the motion for new trial.

The punishment is fixed at a minimum, and in deciding that the new evidence would not probably have produced a different result, so far as the guilt or innocence is concerned, the conclusion of the trial court is apparently not unsound. Appellant was engaged in operating a service car for hire. According to his theory, he contracted with a man whom he and his wife described, to transport certain packages which the man delivered upon the bank of the river. The packages found upon the arrest of appellant and in his automobile contained twelve gallons of whisky. Whether the whisky belonged to him or to another was unimportant. The offense was transporting it, that is, hauling it in his automobile from one locality to another. We find nothing in the alleged newly discovered evidence to indicate that appellant was ignorant of the contents of the packages. The nature of the transaction is such that in our judgment the trial court was right in concluding that the new evidence would not have produced a different result.

The judgment is affirmed.

*Affirmed.*