### WILLS GIVENS v. THE STATE.

#### No. 8596.   Delivered January 7, 1925.

#### No motion for rehearing filed.

**1.—Violating Liquor Law—Wife as Witness—Cross-Examination—Bills of Exception.**

It is no longer the rule in this state that questions asked the wife of accused on cross-examination, which are not germane to the direct examination need not be excepted to at the time same are elicited.   Such testimony must be objected to at the time same is offered, and preserved by proper bills of exception.   See Ward v. State, 70 Tex. Crim. Rep., 393, 159 S. W. 272, Willingham v. State, 94 Tex. Crim. Rep. 596, 252 S. W. 530 containing collation of authorities.

**2.—Same—Bills of Exception—Question and Answer Form—Not Considered.**

Bills of exceptions in question and answer form will not be considered by this court.

**3.—Same—Admissions of Accused—Under Arrest—Res Gestae.**

Where appellant, immediately upon the discovery of the whisky was asked to whom it belonged, and replied that it belonged to him.   *Held*, this testimony was admissible regardless of whether or not appellant was under arrest at the time, the statement bring res gestae.

**4.—Same—Bills of Exception—Insufficient.**

A bill of exception appears in the record complaining of the failure of the court to charge on circumstantial evidence, and also presenting other criticisms of the charge, but the bill fails to show that such objections were made in writing, or in any other way, at the time of the trial.   The bill presents no matter for review.   See Castleberry v. State, 88 Tex. Crim. Rep., 502, 228 S. W. 216.

**5.—Same—Judgment—Must Follow Verdict—Reformed.**

The judgment in this case fails to follow the verdict which found accused guilty under the second count, and is ordered reformed to follow the verdict.

Appeal from the Criminal District Court No. 2 of Dallas County. Tried below before the Hon. C. A. Pippin, Judge.

Appeal from a conviction of keeping a building, room and place, used for storing, selling, receiving and delivering intoxicating liquor; penalty, one year in the penitentiary.

*Noah Roark, Jno. A. Ballowe,* and *E. L. Roark,* Dallas, for appellant.

*Shelby Cox,* District Attorney, Dallas, *Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant States' Attorney, for the State.

HAWKINS, JUDGE.—The indictment contained two counts, the first charging possession of intoxicating liquor for the purpose of sale, the second the keeping of a building, a room and place used for storing, selling, receiving and delivering intoxicating liquor. Conviction was under the second count. Punishment, one year in the penitentiary.

Appellant was conducting a restaurant. The officers found in a loft on the place several bottles of whisky. The officer testified that appellant claimed the whisky belonged to him at the time it was found. On the trial accused denied knowledge of the presence of the whisky and then claimed it belonged to another negro who worked there. We do not set out all the evidence, but in our judgment it is sufficient to sustain the conviction.

We find in the transcript a bill of exception to the cross-examination of appellant's wife. This bill appears to have no place in the record. It is marked "Refused" over the signature of the trial judge, with the statement that no objection was made to such examination. The point is briefed on the assumption that if the examination complained of was not germane to the matters inquired about on direct examination it was not necessary to object. We understand the rule now recognized in this State to be to the contrary. Ward v. State, 70 Texas Cr. R., 393; 159 S. W. 272; Willingham v. State, 94 Texas Cr. Rep., 596, 252 S. W. 530. The two cases cited contain a collation of authorities on the question. The bill is further defective, being in question and answer form.

Complaint is made at the reception in evidence of the admission by appellant that the whisky found belonged to him, it being contended that he was under arrest at the time. This bill is in questions and answers. If considered, however, it shows that appellant had not been arrested when the statement was made. The objection was made that if no actual arrest had taken place accused was under such restraint as would amount to an arrest. In approving the bill the court says, if appellant was under arrest the statement was *res gestae,* and we find this to be borne out by the record. Immediately upon the whisky being discovered the officer asked who it belonged to and appellant replied "It is mine." Broz v. State, 93 Texas Cr. Rep., 137, 245 S. W. 707; Boortz v. State, 95 Texas Cr. Rep., 479, 255 S. W. 434. Staton v. State, ——, Texas Cr. Rep., ——, 252 S. W. 519.

Complaint is sought to be made because the court did not charge the law of circumstantial evidence. This case was tried on the 21st day of January. The record does not show that any written objection

whatever was made to the charge at the time of trial as required by Article 735, C. C. P. There appears in the record a bill of exception filed on February 1st complaining of the omission to charge on circumstantial evidence, and also criticising the charge in other particulars, but the bill fails to show that such objections were made in writing or in any other way at the time of the trial. No special charges on the subject were requested. Under our present statute just referred to the bill in question is insufficient to bring into review the charge or omissions therefrom. (See Castleberry v. State, 88 Texas Crim. Rep., 502, 228 S. W. 216, and authorities there cited.)

Our attention is called to the fact that the judgment fails to follow the verdict which found accused guilty under the second count of the indictment charging that he kept and was interested in keeping a building, room and place used for the purpose of storing, selling, receiving and delivering intoxicating liquor, whereas in the judgment he is condemned to be guilty of possessing intoxicating liquor for the purpose of sale. The judgment is reformed to follow the verdict, and as so reformed, it is affirmed.

*Affirmed.*