### GIVENS v. STATE. (No. 8596.)

(Court of Criminal Appeals of Texas. Jan. 7, 1925.)

1. **Criminal law ⬤⟿1036(2)—Improper cross-examination of defendant's wife not available as fundamental error without trial objection.**

Improper cross-examination of defendant's wife is not available as fundamental error without objection made on trial.

2. **Criminal law ⬤⟿364(4)—Admission of ownership by accused on discovery of whisky held admissible as res gestæ.**

Admission of accused before arrest, and immediately upon discovery of whisky, that it belonged to him, *held* admissible as res gestæ.

3. **Criminal law ⬤⟿1038(3)—Bill of exceptions for failure to charge circumstantial evidence unavailing, in absence of written objection and request for instructions.**

In the absence of written objection to the court's charge at the time of trial as required by Code Cr. Proc. 735, and in the absence of request for special charges, his bill of exceptions complaining of court's failure to charge on circumstantial evidence is insufficient to authorize review.

Appeal from Criminal District Court No. 2, Dallas County; C. A. Pippen, Judge.

Will Givens was convicted of keeping a building, room, and place used for storing, selling, receiving, and delivering intoxicating liquor, and he appeals. Affirmed.

Noah Roark, John A. Ballowe, and E. L. Roark, all of Dallas, for appellant.

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

HAWKINS, J. The indictment contained two counts; the first charging possession of intoxicating liquor for the purpose of sale, the second the keeping of a building, a room, and place used for storing, selling, receiving, and delivering intoxicating liquor. Conviction was under the second count. Punishment, one year in the penitentiary.

Appellant was conducting a restaurant. The officers found in a loft on the place several bottles of whisky. The officer testified that appellant claimed the whisky belonged to him at the time it was found. On the trial accused denied knowledge of the presence of the whisky and then claimed it belonged to another negro who worked there. We do not set out all the evidence, but in our judgment it is sufficient to sustain the conviction.

[1] We find in the transcript a bill of exception to the cross-examination of appellant's wife. This bill appears to have no place in the record. It is marked, "Refused," over the signature of the trial judge, with the statement that no objection was made to such examination. The point is briefed on the assumption that if the examination complained of was not germane to the matters inquired about on direct examination, it was not necessary to object. We understand the rule now recognized in this state to be to the contrary. Ward v. State, 70 Tex. Cr. R. 393, 159 S. W. 272; Willingham v. State, 94 Tex. Cr. R. 596, 252 S. W. 530. The two cases cited contain a collation of authorities on the question. The bill is further defective, being in question and answer form.

[2] Complaint is made at the reception in evidence of the admission by appellant that the whisky found belonged to him, it being contended that he was under arrest at the time. This bill is in questions and answers. If considered, however, it shows that appellant had not been arrested when the statement was made. The objection was made that, if no actual arrest had taken place, accused was under such restraint as would amount to an arrest. In approving the bill the court says, if appellant was under arrest the statement was res gestæ, and we find this to be borne out by the record. Immediately upon the whisky being discovered the officer asked who it belonged to, and appellant replied, "It is mine." Broz v. State, 93 Tex. Cr. R. 137, 245 S. W. 707; Boortz v. State, 95 Tex. Cr. R. 479, 255 S. W. 434; Stanton v. State, 94 Tex. Cr. R. 366, 252 S. W. 519.

[3] Complaint is sought to be made because the court did not charge the law of circumstantial evidence. This case was tried on the 21st day of January. The record does not show that any written objection whatever was made to the charge at the time of trial, as required by article 735, C. C. P. There appears in the record a bill of exception filed on February 1st complaining of the omission to charge on circumstantial evidence, and also criticizing the charge in other particulars; but the bill fails to show that such objections were made in writing or in any other way at the time of the trial. No special charges on the subject were requested. Under our present statute, just referred to, the bill in question is insufficient to bring into review the charge or omissions therefrom. See Castelberry v. State, 88 Tex. Cr. R. 502, 228 S. W. 216, and authorities there cited.

Our attention is called to the fact that the judgment fails to follow the verdict which found accused guilty under the second count of the indictment, charging that he kept and was interested in keeping a building, room, and place used for the purpose of storing, selling, receiving, and delivering intoxicating liquor; whereas, in the judgment he is condemned to be guilty of possessing intoxicating liquor for the purpose of sale.

The judgment is reformed to follow the verdict, and as so reformed it is affirmed.