The judgment is reversed, and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

## COLE v. STATE.
### No. 14512.

Court of Criminal Appeals of Texas.

Nov. 25, 1931.

Rehearing Denied Jan. 6, 1932.

Jno. M. Hatter, of Waxahachie, for appellant.

Archie D. Gray, Co. Atty., of Waxahachie, and Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, J.

Conviction is for arson; punishment, ten years' confinement in the penitentiary.

The charge against appellant was that he burned a barn belonging to J. V. Gilmore. We gather from the statement of facts that appellant had worked as a farm hand for Mr. Gilmore, and had become incensed because Gilmore had caused appellant to be arrested for fighting or disturbing the peace on the farm. Several months after appellant left the place, Gilmore's barn was burned. The theory of the state was that appellant had burned it because of his animosity towards the owner.

The first bill of exception brings forward complaint at the reception in evidence of a confession of appellant; the objection thereto being based upon the ground that the same was not voluntary. The bill shows that the court had the jury retired and heard evidence regarding the matter. This procedure was in accord with the suggestion of this court in Bingham v. State, 97 Tex. Cr. R. 596, 262 S. W. 747. It is recited in the bill that appellant testified that he was confined in jail at the time and had been whipped the night before the confession was made. The jailer testified that the whipping administered to appellant had nothing to do with the confession, and was not administered with a view of obtaining a confession, but that appellant had been whipped for insubordination and for fighting with other prisoners in the jail. Appellant also claimed that at the time he was arrested he had received some ill treatment at the hands of the arresting officer and of the prosecuting witness, Gilmore. His arrest was some three months prior to the date of the confession. Nowhere in the bill is it shown that appellant claimed to have made the confession by reason of the things stated.

His treatment at the time of his arrest was explained by Gilmore as the result of appellant resisting arrest and his efforts to escape. The court qualifies the bill by stating that the parties present at the time the confession was taken say no effort was made by any one to compel appellant to make the confession, and that, in so far as they could judge, the confession was wholly voluntary on appellant's part. The bill shows no error. It might have been disposed of upon the ground that it is defective in not setting out as a part thereof the confession in question. Many cases upon the subject will be found collated under section 210, Branch's Ann. Tex. P. C., and section 211, vol. 4, Texas Jurisprudence.

The barn burned on Thursday night. Appellant's defense was an alibi. His wife testified that she remembered the barn burned on Thursday night, and that she saw appellant at her house on Friday night. Bill of exception No. 2 relates to the cross-examination of the wife. Counsel for the state seems to have construed her testimony as having some weight upon the question of alibi. To our minds, this is doubtful. She did not undertake to say where appellant was on the night the barn was burned, but her testimony in chief was restricted to appellant's whereabouts on the night thereafter. On cross-examination of the wife, it was elicited that she had told the county attorney appellant had said he was going to get even with Mr. Gilmore for having him arrested, and that soon after she saw the barn burning appellant came in and told her he had set fire to it to get even with Mr. Gilmore. The explanation to the bill shows that no objection whatever was made by appellant at the time this testimony was elicited on the cross-examination of the wife, and that no motion was made to strike the same from the record, but that for the first time appellant complained of it in his motion for new trial. As we understand it, appellant· is complaining of the matter upon the claim that the cross-examination of the wife in the particulars mentioned was fundamentally erroneous, and that the court should have stopped the examination even in the absence of objection.

 As supporting his proposition, appellant cites us to Brock v. State, 44 Tex. Cr. R. 335, 71 S. W. 20, 60 L. R. A. 465, 100 Am. St. Rep. 859; Woodall v. State, 58 Tex. Cr. R. 513, 126 S. W. 591; Johnson v. State, 66 Tex. Cr. R. 586, 148 S. W. 328; Eads v. State, 74 Tex. Cr. R. 628, 170 S. W. 145; Davis v. State, 45 Tex. Cr. R. 292, 77 S. W. 451, 452. It will be found that in most of the cases referred to the state called accused's wife as a witness. If expressions are found in the opinions which indicate that appellant may take advantage of the cross-examination of his wife when he himself has called her as a witness without interposing objection at the time of such cross-examination, such expressions are not in line with the holdings of this court since the opinion in Ward v. State, 70 Tex. Cr. R. 393, 159 S. W. 272.

We quote from Willingham v. State, 94 Tex. Cr. R. 596, 252 S. W. 530, as follows: "That part of the Brock Case permitting the accused to introduce his wife in evidence, to remain silent during her cross-examination, and to secure a reversal of the case in the event any part of the cross-examination impinges upon the rule forbidding the use of the wife as a witness against the husband, was discarded by this court in ˮan undivided opinion in Ward's Case, 70 Tex. Cr. R. 393 (see page 407), 159 S. W. 272. That part of the Brock Case which affirms the duty of the court to protect the accused against improper cross-examination of his wife has been sustained, but only on condition that he interpose an objection at the time. See Bennett v. State, 80 Tex. Cr. R. 652, 194 S. W. 145, 149; Norwood v. State, 80 Tex. Cr. R. 552, 192 S. W. 249; Roberts v. State, 74 Tex. Cr. R. 150, 168 S. W. 101 (see page 111); Eads v. State, 74 Tex. Cr. R. 628, 170 S. W. 145; Villafranco v. State, 84 Tex. Cr. R. 195, 206 S. W. 357; Lovett v. State, 87 Tex. Cr. R. 548, 223 S. W. 210; Brown v. State, 88 Tex. Cr. R. 55, 224 S. W. 1105; Bell v. State, 88 Tex. Cr. R. 64, 224 S. W. 1108. See, also, Vernon's Tex. Crim. Stat. 1922 Supp. vol. 2, arts. 794, 795, C. C. P., and annotations."

For later authorities upon the subject see Givens v. State, 98 Tex. Cr. R. 651, 267 S. W. 725; Soderman v. State, 97 Tex. Cr. R. 23, 260 S. W. 607. Upon the general proposition that *objection to evidence which is thought to be improper must be made at the time the evidence is offered and that it is too late to complain of the same thereafter,* see Gann v. State, 109 Tex. Cr. R. 640, 6 S.W.(2d) 751; Morgan v. State, 115 Tex. Cr. R. 14, 27 S.W.(2d) 208.

Finding no error in the record, the judgment is affirmed.

### On Motion for Rehearing.

LATTIMORE, J.

Appellant insists that his confession was erroneously admitted, and sets out in his motion at some length the grounds of his complaint. The bill of exception complaining of the introduction of the confession is qualified by the trial court, and there seems no question but that the bill as qualified presents no error.

We think the complaint of the admission of the testimony of the wife properly disposed of in the original opinion, and see no necessity for repeating or elaborating the views there expressed.

The motion for rehearing will be overruled.