**Richard Lee JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 46531.

Court of Criminal Appeals of Texas.

Nov. 21, 1973.

Melvyn Carson Bruder, Dallas (Court appointed on appeal), for appellant.

Henry Wade, Dist. Atty., and Jerome L. Croston, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

GREEN, Commissioner.

This is an appeal from a conviction for robbery by assault. The punishment was assessed at 60 years.

Appellant does not challenge the sufficiency of the evidence to sustain the conviction.

The record discloses that on May 31, 1969, at about 6:15 o'clock P. M., Gene Blanton left Adam's Cafe in Dallas to go to his home to attend to some business. He was assaulted in an alley or pathway beside the cafe by appellant, who took $2.- 50 in money and a ring, valued at about $40.00. Blanton's wife left the cafe about 15 minutes later, and she was also assaulted by appellant on a nearby sidewalk, and her purse snatched from her. Two men from a nearby house helped her escape from appellant. The Blantons called the police, who arrested appellant within 30 minutes after the robbery of Gene Blanton.

Appellant did not testify, but offered a defense of alibi by testimony of relatives and friends.

Appellant's first ground of error reads:

"The appellant was irreparably prejudiced by the admission of hearsay state-

ments attributed to his wife, violating his rights to confrontation and his rights under Art. 38.11, Vernon's Ann.C.C.P."

The testimony of which appellant complains was given by the complaining witness Gene Blanton when he was placed back on the stand after appellant had presented his alibi witnesses, who then in answer to questions by the prosecuting attorney testified as follows:

"Q    Gene, I want you to tell the jury if you have ever had occasion at any time to discuss this case or the outcome of this case with anyone related to the Defendant, Jones, over here?

"A    Well, his wife asked me one time if I—

"Q    Before you go any farther, I want you to tell them where this took place.

"A    At Shep Adam's Cafe.

"Q    At Shep Adam's Cafe. Who was there other than yourself when this conversation took place?

"A    Well, there was quite a few of them in the cafe.

"Q    Well, I mean who that you knew or might have been related to the Defendant over here when you had this conversation, tell the jury about it.

"A    Well, it was his wife.

"Q    His wife. All right. Did she tell you her name?

"A    Well, yes, sir, but I've forgotten it.

"Q    All right. Told you, identified herself as the wife of the Defendant, Jones over here?

"A    Yes, sir.

"Q    All right. Tell the jury in your own words about that conversation that you had in the Adam's Cafe?

"A    Well, she told me she would get my ring back and say (sic) if she would pay for my ring and the money that he took from me, would I drop the charges.

"Q    What did you tell her?

"A    I told her I didn't have nothing to do with it."

There was no objection made to this testimony.

Appellant on appeal raises the question of violation of the husband and wife privilege provided for in that portion of Art. 38.11, Vernon's Ann.C.C.P. reading: "Neither husband nor wife shall, in any case, testify as to communications made by one to the other while married * * * The husband and wife may, in all criminal actions, be witnesses for each other, but except as hereinafter provided, they shall in no case testify against each other in a criminal prosecution." The exceptions mentioned in the article are not relevant to the facts of the instant case.

It is appellant's position that the protection embraced by Art. 38.11, V.A.C.C.P., has been held to be so fundamental that it cannot be waived,[1] nor can it be vitiated by consent,[2] nor can it be lost by failure to object or except to its violation at trial,[3] and applies to hearsay statements not ob-

1.  Carabajal v. State, Tex.Cr.App., 477 S.W. 2d 640. In Carabajal, the wife was called as a witness by the State, and testified over objection of the defendant.

2.  Woodall v. State, 58 Tex.Cr.R. 513, 126 S.W. 591, citing Brock v. State, 44 Tex.Cr. R. 335, 71 S.W. 20, 60 L.R.A. 465, 100 Am. St.Rep. 859. Rogers v. State, Tex.Cr.App., 368 S.W.2d 772.

3.  Johnson v. State, 66 Tex.Cr.R. 586, 148 S.W. 328; Bibb v. State, 83 Tex.Cr.R. 616, 205 S.W. 135.

jected to by defendant.[4] Appellant claims that the testimony offered by the State in rebuttal that the complaining witness had a conversation with appellant's wife in which she offered to return complainant's ring and money was inadmissible and fundamental reversible error even though there was no objection to its admission in evidence.

The record shows that the conversation complained of was first injected by the appellant on re-direct examination of his alibi witness Grover Dudley. This witness testified, in answer to questions by appellant's attorney, that he and appellant's wife in the presence of others were talking to the complaining witness Gene Blanton after the commission of the offense, and asking him about the charge, and that Blanton said that if they would come up with $50.00, he would "forget it."

Appellant next placed his brother on the stand, who testified of a conversation between his sister-in-law (appellant's wife) and Gene Blanton at "the cafe," although he did not hear them talking about the case. Thereafter, without objection, the State recalled Gene Blanton, and went into the details of the conversation between him and appellant's wife, as set forth hereinabove. The details admitted in evidence, although differing as to content, were on the same subject as the witness Dudley had testified, and were necessary to make Dudley's evidence fully understood and to explain the same. Art. 38.24, V.A.C.C.P.[5]

In Brock v. State, 44 Tex.Cr.R. 335, 71 S.W. 20, the wife testified as a witness for the State, without objection by the defendant. This Court held, based on Art. 775, C.Cr.Proc. (the predecessor of present Art. 38.11, V.A.C.C.P.) that the wife was an incompetent witness whose evidence cannot

be used against the husband even by his consent. In Woodall v. State, supra, this rule was extended to hearsay statements of the wife. In Ward v. State, 70 Tex.Cr.R. 393, 159 S.W. 272, this Court refused to extend the *Brock* ruling, and specifically limited it in that the Court held that cross-examination of the wife by the State which exceeded the direct examination was not reversible error if not objected to. This holding, in effect, expressly rejects that portion of *Brock* which says that the wife in incompetent for *all* purposes, and that her incompetency cannot be waived.

The limitation on *Brock* enunciated in *Ward,* supra, has been approved in Willingham v. State, 94 Tex.Cr.R. 596, 252 S. W. 530; Givens v. State, 98 Tex.Cr.R. 651, 267 S.W. 725; Cole v. State, 119 Tex.Cr.R. 1, 44 S.W.2d 722, Williams v. State, 161 Tex.Cr.R. 500, 279 S.W.2d 348, and other opinions of this Court.

The strict rule of incompetency which cannot be waived has also been said not to apply in various Texas cases in which declarations of a spouse are held admissible if they are res gestae, or if the spouse is a co-conspirator. Dark v. State, Tex.Cr. App., 406 S.W.2d 457; Goforth v. State, 100 Tex.Cr.R. 442, 273 S.W. 845; Johnson v. State, 95 Tex.Cr.R. 269, 252 S.W. 554; Gilmore v. State, 91 Tex.Cr.R. 31, 241 S. W. 492; Steele v. State, 87 Tex.Cr.R. 588, 223 S.W. 473; Arensman v. State, 79 Tex.Cr.R. 546, 187 S.W. 471; Thompson v. State, 77 Tex.Cr.R. 417, 178 S.W. 1192; Farris v. State, 74 Tex.Cr.R. 607, 170 S.W. 310; Cook v. State, 22 Tex.Cr.R. 511, 3 S. W. 749.

∎ It is well recognized that failure to object constitutes waiver of various constitutional rights. Branch v. State, Tex.Cr. App., 477 S.W.2d 893 (search and seizure);

---

4. Brock v. State, supra; Woodall v. State, supra; Johnson v. State, supra.

5. "When part of an act, declaration or conversation or writing is given in evidence by one party, the whole on the same subject may be inquired into by the other, as when a

letter is read, all letters on the same subject between the same parties may be given. When a detailed act, declaration, conversation or writing is given in evidence, any other act, declaration or writing which is necessary to make it fully understood or to explain the same may also be given in evidence."

Dunlap v. State, Tex.Cr.App., 477 S.W.2d 605 (identification); Green v. State, Tex. Cr.App., 467 S.W.2d 481 (identification); Lawhon v. State, Tex.Cr.App., 429 S.W.2d 147 (confession).

 In the instant case, since a part of the conversation between appellant's wife and Gene Blanton was first introduced in evidence by appellant on direct examination of a defense witness, the remainder of the conversation on the same subject could properly be inquired into by the State. Art. 38.24, V.A.C.C.P., supra; Lucas v. State, Tex.Cr.App., 479 S.W.2d 314; Ware v. State, Tex.Cr.App., 475 S.W.2d 282; McKnight v. State, Tex.Cr.App., 468 S.W. 2d 102; Greer v. State, Tex.Cr.App., 474 S.W.2d 203.

Under such circumstances, the strict rule of incompetency announced in Brock v. State, supra, and Woodall v. State, supra, does not govern.

Appellant's first ground of error is overruled.

Appellant's second ground claims that "his right to a fair trial was irreparably prejudiced when the prosecution adduced evidence of an extraneous offense."

The complaint concerns the introduction of evidence of an attempt by appellant to rob the complaining witness' wife. About 15 minutes after Gene Blanton left the cafe, his wife left it to look for him. As she was walking to her home, the appellant assaulted her, and snatched her purse. He was chased off by two men.

 There was no objection to her testimony, and hence there is nothing before us to review. Salas v. State, Tex.Cr.App., 486 S.W.2d 956; Valdez v. State, Tex.Cr. App., 472 S.W.2d 754.

 However, since the appellant presented the defense of alibi, the evidence of the assault on the witness fifteen minutes after the robbery in very nearly the same location was admissible in rebuttal of his alibi. Gilmore v. State, Tex.Cr.App., 493 S.W.2d 163.

The judgment is affirmed.

Opinion approved by the Court.