### HENRY DOANS v. THE STATE.

*No. 1464.   Decided November 25th, 1896.*

**1.   Motion for New Trial—Bill of Exceptions to Overruling of.**

Where a motion for a new trial has been overruled by the court.   Held: That there is no necessity of reserving a bill of exceptions to such ruling.

**2.   Plea of Guilty—Insufficiency of Evidence as to.**

Where a plea of guilty is entered by defendant, it is Held: That he cannot urge the insufficiency of the evidence to such plea.

**3.   Sentence—Entry of Upon Minutes—Correction of Minutes.**

Where, at the request of defendant, made in open court, sentence is pronounced at once, and before the expiration of the two days after conviction, as provided by statute, but the clerk, in entering the sentence upon the minutes of the court, failed to state that, "said sentence had been pronounced at the request of defendant," and the District Attorney moved the court to correct the record so as to show this fact, to which appellant objected, and said objections were overruled by the court and the minutes permitted to be corrected.   Held: No error.

APPEAL from the District Court of Harrison.   Tried below before Hon. W. J. GRAHAM.

Appeal from a conviction for burglary; penalty assessed at five years in the penitentiary.

The opinion sufficiently states the case.

[No brief for appellant found in the record.]

*John B. Carter*, District Attorney, and *Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was charged with burglary.   Both parties announced "ready."   Appellant was called upon to plead, and, after being duly cautioned as the law requires, entered a plea of guilty, and the jury assessed his punishment at five years in the penitentiary. . We find two bills of exception in the record—the first taken to the action of the court in refusing to grant a new trial.   If there was error in re-fusing a new trial, there was no necessity of reserving it by bill of ex-ceptions.   The grounds of the motion for a new trial are: "First, because the indictment charges no offense against the appellant; and second, because the verdict of the jury is not supported by the evidence."   The indictment is sufficient.   The defendant pleaded guilty, and cannot urge the insufficiency of the evidence to such a plea.   If the court, over the objections of the defendant, had improperly permitted illegal evidence to be introduced before the jury, calculated to prejudice the jury against the appellant, and induce them to award a severe penalty, appellant might complain.   This, however, was not done.   From the second bill

of exceptions, it appears that the sentence was pronounced at once, at the request of the defendant, made in open court, before the expiration of the two days after conviction. When the clerk entered the same on the minutes of the court, he neglected to state that the sentence had been pronounced at the request of the defendant, as above stated. The District Attorney moved to correct the record so as to show this fact, to which the appellant objected. The court overruled the objection, and permitted the minutes to be amended so as to show the real facts. In this there was no error. The judgment is affirmed.

*Affirmed.*