### H. G. WOODALL v. THE STATE.

#### No. 501. Decided March 16, 1910.

**1.—False Swearing—Husband and Wife—Evidence.**

Upon trial for false swearing, where defendant pleaded guilty, it was reversible error to admit the hearsay testimony of a witness with reference to the declarations of defendant's wife made against the defendant before the grand jury; and this although no exception had been reserved to such testimony. Following Brock v. State. 44 Texas Crim. Rep., 335, and other cases.

**2.—Same—State must Introduce Legal Testimony.**

Where, upon trial for false swearing, the defendant pleaded guilty, it was incumbent upon the State to introduce legal evidence so that the jury could pass upon the degree of punishment.

**3.—Same—Practice in District Court—Verdict, how Returned.**

Upon trial for false swearing, where the defendant pleaded guilty, it was improper practice to permit the district attorney to write out the verdict assessing the minimum punishment against the defendant, handing it to the jury and having one juror to sign it without being elected foreman, and without having the jury to retire to consider the verdict.

**4.—Same—Charge of Court—Plea of Guilty.**

Where, upon trial for false swearing, the defendant pleaded guilty, it was nevertheless incumbent upon the court, under article 715, Code Crim. Procedure, to have submitted the law to the jury in a written charge.

**5.—Same—Legal Trial—Plea of Guilty.**

Upon trial for false swearing, where the defendant pleaded guilty, he was nevertheless entitled to a legal trial under the forms of the law, and where this was denied him the case must be reversed.

Appeal from the District Court of Hunt. Tried below before the Hon. R. L. Porter.

Appeal from a conviction of false swearing; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Sherrill, Mulkey & Hamilton,* for appellant.—The defendant in this cause, a young, inexperienced country boy, was indicted for making a false affidavit in procuring a marriage license. He was arrested and placed in jail October 26, 1909, and on October 29 he was brought out of jail with some other prisoners, and, on being arraigned for trial, pleaded guilty. Thereupon the district attorney called a member of the grand jury, which had found the indictment, to the witness stand, and proved by him that defendant's wife had been before the grand jury and testified that she was under 18 years of age, and that she had so informed the defendant before he went after the marriage license, and that witness had seen the affidavit made by defendant, and that it was in substance as set out in the indictment. The district attorney then wrote the verdict, finding the defendant guilty and assessing his punishment at two years in the penitentiary, and handed same to a member of the jury and requested said member to sign the same. The said member of the jury signed the said verdict as requested, and the same was passed to the clerk and read. No charge was given by the court, the jury did not leave the box or consult with each other or speak to each other, the member who signed the verdict was not selected as foreman, nor did the jury have anything to do with the verdict except to assent to same when the court asked them if that was their verdict. The defendant had had no opportunity to communicate with his father, who lived in another county, and did not have any legal advice or counsel before entering his plea of guilty, but pleaded guilty on the advice of some other prisoners in jail. Counsel was employed for him immediately after his conviction, and motions in arrest of judgment and for new trial were duly filed in proper time, setting up the grounds relied upon here for a reversal of the case, which were overruled, and the court's actions in failing to charge the jury, and in permitting the verdict to be rendered in the manner shown by the record, and in permitting the conviction of defendant upon the hearsay testimony of the grand juror as to what defendant's wife had testified before the grand jury, and the overruling of defendant's amended motion in arrest of judgment and for new trial, are brought before this court for review.

On question of admitting the testimony of defendant's wife: Boyd v. State, 33 Texas Crim. Rep., 470, 26 S. W. Rep., 1089.

On question of the court's failure to charge the jury in writing: Thompson v. State, 4 Texas Crim. App., 44; Long v. State, 4 Texas Crim. App., 81; Richarte v. State, 5 Texas Crim. App., 359; Williams v. State, 18 Texas Crim. App., 409; McLain v. State, 30 Texas Crim. App., 482, 17 S. W. Rep., 1092; Haynie v. State, 3 Texas Crim. App., 223; Parchman v. State, 3 Texas Crim. App., 225.

On question of making up verdict: Josef v. State, 33 Texas Crim. Rep., 251; Darter v. State, 44 S. W. Rep., 850; 12 Cyc., 675.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was awarded a term of two years in the penitentiary on a charge of false swearing.

He was brought into court and entered a plea of guilty. The judgment contains proper recitals under article 554 of the Code of Criminal Procedure. The statement of facts complete, is as follows:

Bill Scott, witness for the State, testified as follows: "I am a member of the present grand jury, and was present in the grand jury room when the case against the defendant, H. G. Woodall, was investigated. Hessie Woodall, the wife of defendant, was before the grand jury; her father, Mr. Martin, was also before the grand jury, and I heard their testimony. From their testimony Hessie is under the age of eighteen years. My recollection is they stated that she was about fifteen years of age. She stated to the grand jury that she was not eighteen years old, but was a little over fifteen, and she said she had so informed the defendant before he procured the marriage license. There were also other witnesses before the grand jury. I saw the affidavit that was made by defendant. It was to the effect that Hessie Martin was eighteen years of age—was made by the defendant before S. L. Arnold, deputy clerk of the County Court, Hunt County, Texas.

"It is agreed that the above and foregoing is a true and correct statement of all the facts proved upon the trial of the above cause, and that as soon as said witness left the stand the district attorney wrote the verdict herein rendered and handed same to N. Blankenship, a member of the jury, who signed the same as foreman, and the same was passed to the clerk and read, and that the jury did not retire from the jury box, nor did they deliberate in any manner upon the said verdict, nor did the said Blankenship speak to any other member of the jury before he signed the said verdict, nor was he elected foreman of the said jury, and that the jury did not consult among themselves, in any manner, or speak to each other, concerning the case before the verdict was rendered, but said verdict was signed by the said Blankenship upon the request of the district attorney, as above stated, and after the same was read by the clerk they were asked by the court if they agreed to that verdict, and they each signified their assent by a nod of the head."

It will be observed under the above agreed statement of facts that

the only attempt at introducing evidence against appellant under his plea of guilty was the hearsay statements of Bill Scott, first, the fact that the wife of appellant was before the grand jury and stated that she was not 18 years of age, but was only a little over 15, and that she had so informed appellant before he procured the marriage license; second, that Mr. Martin, the father-in-law of appellant, was also before the grand jury, and that the witness Scott heard his testimony, and that from his testimony and the testimony of the wife of appellant, appellant's wife was under 18 years of age at the time of procuring the license. He further testified that he saw the affidavit which was made by defendant, and the effect of it was to state that appellant's wife was under 18 years of age. The statements of the wife under the circumstances here detailed could not be used against her husband. See Brock v. State, 44 Texas Crim. Rep., 335; Spivey v. State, 45 Texas Crim. Rep., 496; Davis v. State, 45 Texas Crim. Rep., 292, 8 Texas Ct. Rep., 766. While there was no exception reserved to the statements of the witness Scott, yet the testimony of the wife, either directly or through hearsay, can not be used by the State as a predicate for the conviction of the husband in cases of this character. The charge here was false swearing, and did not involve any act of violence towards the person of the wife. The question was directly adjudicated in the Brock case, supra, that the testimony of the wife could not be used by the State against her husband even though he did not interpose an objection. For a discussion of the matter we refer to the Brock case. This doctrine was reaffirmed in Spivey v. State, supra. Nor do we believe that a grand juror can be used to detail before a jury hearsay statements of witnesses delivered before that body under the circumstances here stated. The testimony of the wife, had she been offered as a witness, would not have been admissible, and stronger would be the reason why her hearsay statements could not be used. Our Code of Criminal Procedure, article 555, provides that: "Where a defendant in a case of felony persists in pleading guilty, if the punishment of the offense is not absolutely fixed by law and beyond the discretion of the jury to graduate in any manner, a jury shall be impaneled to assess the punishment, and evidence submitted to enable them to decide thereupon." False swearing is an offense having affixed to it a graduated punishment, the minimum punishment being two years, and the maximum five. Of course, this article means that evidence must be introduced before the jury so that the State and the defendant may be protected in their respective rights, the defendant getting the benefit of any amelioration or extenuation, and the State any aggravating circumstances that might attend the commission of the offense; and it has been held that this statute is mandatory, and instead of being merely for the benefit of the defendant, it is more especially designed to protect the interest of the State by preventing aggravated cases of crime being compromised by the assessment of the minimum punishment. The pro-

visions of this statute should be fully observed and administered. For a collation of the authorities see White's Annotated Code of Criminal Procedure, section 525. Of course, when it speaks of evidence here it means legal evidence such as would be authorized to go before a jury. The position here is strengthened by the fact that in the motion for new trial it is made to appear that had the witnesses been brought before the jury, evidence would have been introduced to show that appellant's wife did inform him before he obtained the license and made the affidavit therefor, that she was 18 years of age.

Again, it will be noticed that it is further agreed that when Scott had finished his testimony the district attorney wrote out a verdict and handed it to a member of the jury named Blankenship, who signed it as foreman. As thus signed, it was passed to and read by the clerk. The jury did not retire from the jury box, nor was any deliberation had by them as to what their verdict should be; nor did Blankenship speak to any member of the jury in regard to signing the verdict before he did sign it. Blankenship had not been elected foreman of the jury, nor was any consultation had among themselves by the jurymen in regard to the matter. It is true that after the verdict was handed to the clerk the court asked the jury if they agreed to it, and they nodded their heads. This, to say the least of it, was such an irregularity in the disposition of the case, in the face of our statutes in regard to these matters, that ought not to be tolerated.

Again, the record makes it apparent that the court did not give a charge to the jury. Article 715 of the Code of Criminal Procedure provides that in all felony cases the court shall give in charge the law of the case whether asked or not. The jury were not informed as to what the law of the case was. The court gave them no instruction and the jury were not apprised as to what punishment was affixed to false swearing, but signed the verdict prepared by the district attorney with such punishment as he saw proper to include in the verdict.

Without taking up the other grounds of the motion for new trial, we are of opinion that for the reasons indicated this judgment ought not to stand. In pleas of guilty, as well as in pleas of not guilty, the provisions of our statute should be looked to and govern the trial of criminal cases. We are further of opinion that appellant has not had that character of legal trial provided by statute where a plea of guilty is entered.

For the reasons indicated, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

RAMSEY, JUDGE.—I agree to the result. I can not and do not concur in the correctness of the Brock case. In this case appellant filed a motion for a new trial alleging his innocence and that he had

been induced to plead guilty through ignorance and over-persuasion. It should not be the policy of the law to entrap any man into a plea that would blight and ruin his life, and where there is any reasonable showing, and particularly where there are evidences of such haste and glaring irregularities as exist in this case, we think the court below should have set aside the judgment of conviction to the end that justice might be done. If appellant was indeed guilty, this fact could doubtless have been shown. If he was not, he did not deserve to be adjudged guilty on an imprudent and unadvised plea of guilty. It should be added that Judge Davidson's opinion follows the authorities. I prefer, however, to rest my concurrence on the merits of the case.