## Jessie Weatherford v. The State.

### No. 3075. Decided April 1, 1914.

**Forgery—Plea of Guilty—Sufficiency of the Evidence.**

Where, under article 555, Code Criminal Procedure, defendant entered a plea of guilty to the charge of forgery, and there was evidence introduced tending to connect defendant with the offense, and the jury assessed the lowest penalty under the law, the defendant can not complain of the insufficiency of the evidence, and the conviction was sustained. Following Doans v. State, 36 Texas Crim. Rep., 468.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Robt. B. Seay.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney General, for the State.—Cited Evers v. State, 32 Texas Crim. Rep., 283; Josef v. State, 33 id., 251; Martin v. State, 36 id., 632; Doans v. State, 36 id., 468; Crow v. State, 6 Texas, 334.

HARPER, Judge.—Appellant was prosecuted, charged with forging the following check:

"Dallas, Texas, 10-13, 1913. No. 183.
"Guaranty State Bank & Trust Co.
        "32-14
   "Pay to the order of Jessie Norton $18.50/100
    "Eighteen 50/100..............Dollars
                          "Star Bakery
                          "W. M. Schliepake."

When the case was called, after being duly warned and instructed as required by law, she entered a plea of guilty. The only evidence introduced by the State was the following: W. A. Ball testified he was salesman for Henry Pollock Trunk Company; that as such salesman he waited on appellant, and she gave him the check, and she at that time claimed her name was Jessie Norton.

W. M. Schliepake testified that he did not sign the check, nor authorize anyone else to sign his name to it.

The record does not disclose that the check was introduced in evidence, but it is manifest that it was shown to the witnesses in the presence of the jury, and that she entered a plea of guilty to forging the check set out in the indictment. The only question presented is, is this sufficient testimony to support a judgment on a plea of guilty. Article 555, Code Criminal Procedure, provides that where a person charged with felony enters a plea of guilty, if the punishment of the offense is not absolutely

fixed by law, and beyond the discretion of the jury to graduate, a jury shall be empaneled to assess the punishment and evidence submitted thereon to enable them to decide thereupon. While this statute has been held to be mandatory, and this court has said that it is not merely for the benefit of the defendant but that it was also intended to safeguard the interests of the State, yet in Doans v. State, 36 Texas Crim. Rep., 468, it was held that where the defendant entered a plea of guilty, he can not urge the insufficiency of the evidence, if the record discloses that evidence was introduced tending to connect him with the offense. As the jury assessed against the appellant the lowest penalty authorized by law, she will not be heard to complain that the evidence adduced did not conclusively show her guilt. In connection with her plea of guilty it did sufficiently tend to show her connection with the offense charged,—forging the check described in the indictment, signed Henry Schliepake, who testified he signed no such check. This will support the verdict.

The judgment is affirmed.

*Affirmed.*