ROBERT CONNOR V. THE STATE.

No. 7385.   Decided December 20, 1922.

Rehearing denied January 17, 1923.

**1.—Theft Over the Value of Fifty Dollars—Plea of Guilty—Sufficiency of Evidence.**

Where, upon trial of theft of the value of over $50, to which defendant pleaded guilty, and appellant's counsel advancing the theory that the evidence negatives the idea of guilt, relying upon the case of Harris v. State, 172 S. W. Rep., 975, insisted that the judgment should be annulled; held, while it would be the duty of this court to set aside a conviction even under the plea of guilty where there was no evidence adduced or where the evidence demonstrated the innocence of the accused, yet where the plea of guilty is entered and evidence introduced to enable the jury to assess the penalty, the verdict will not be set aside because the evidence so introduced would not be sufficient to support a conviction under a plea of not guilty. Following Weatherford v. State, 73 Texas Crim. Rep., 428, and other cases.

**2.—Same—Rehearing—Practice on Appeal.**

After reviewing the record on motion for rehearing, it is the opinion of this court that the judgment below should be affirmed.

Appeal from the District Court of Bexar. Tried below before the Honorable S. G. Tayloe.

Appeal from a conviction of theft of the value of over $50; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Leonard Brown,* for appellant.—On the question of the insufficiency of the evidence: Campos v. State, 207 S. W. Rep., 930; Bunch v. State, 194 id., 144; Harris v. State, 172 id., 975; Kelley v. State, 190 id., 172; Flores v. State, 190 id., 497.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for theft; punishment fixed at confinement in the penitentiary for a period of two years.

The alleged stolen property was two automobile casings.

From the State's evidence, it was shown that the appellant, in company with one Lamkin, sold the casings in question, with others,

to the witness Lobert. Appellant testified and explained the matter, in substance, thus: That his employer was a dealer in casings; that in conversation with the witness Lamkin, a fellow-employee, Lamkin said that if the appellant would get into the shipping department, he could make some money on tires; that tires without tags on them could be sold; that subsequently appellant took a lot of tires to the depot for shipment and found among them several without tags; that he was kind of afraid to take them back to the store because they were without tags, and Lamkin then took them to his house. He afterwards told the appellant that he was going to sell tires to Lobert and that he would give him (appellant) four dollars for delivering the tires to Lobert; that appellant took them in his wagon and they were sold to the witness Lobert.

Appellant's counsel advances the theory that the evidence negatives the idea of guilt, and relying upon the case of Harris v. State, 76 Texas Crim. Rep., 126, 172 S. W. Rep., 975, insists that the judgment of conviction should be annulled. In so far as the case of Harris v. State announces the proposition that though one pleads guilty to an assault, the judgment against him should not stand if the evidence negatives the idea of guilt and shows that he acted in self-defense, its soundness was not questioned in Taylor's case, 88 Texas Crim. Rep., 471, 227 S. W. Rep., 679. However, the proposition affirmed in Talyor's case, *supra*, if the writer comprehends it, was that one having entered a plea of guilty, and the court, under the formalities required by statute, having accepted the plea, it was not incumbent upon him to charge the jury on the issue of insanity where there was no evidence that the accused was insane. In so far as the case of Harris v. State, *supra*, was in conflict with the principle last above stated, the court declined to follow. That it would be the duty of this court to set aside a conviction even under a plea of guilty where there was no evidence adduced or where the evidence demonstrated the innocence of the accused finds support in many decisions. See Woodall v. State, 58 Texas Crim. Rep., 513; Martin v. State, 36 Texas Crim. Rep., 632; Vernon's Tex. Crim. Stat., Vol. 2, p. 289. These cases illustrate an exception to the general rule, which is that where a plea of guilty is entered and legal evidence is introduced pertinent to enable the jury to assess the penalty, the verdict will not be set aside on appeal because the evidence so introduced would not be sufficient to support a conviction under a plea of not guilty. Such was the announcement made by this court through Judge Davidson in Doans v. State, 36 Texas Crim. Rep., 468. The rule thus stated has been uniformly followed. Weatherford v. State, 73 Texas Crim. Rep., 428; Terreto v. State, 86 Texas Crim. Rep., 189; Flores v. State, 86 Texas Crim. Rep., 235.

The evidence in the instant case is conceived to be consistent with

the plea of guilty. The record does not warrant a reversal of the judgment. It is therefore affirmed.

*Affirmed.*

ON REHEARING

January 17, 1923.

HAWKINS, JUDGE.—We have again examined the record in view of the motion for rehearing, and are confirmed in our opinion that the case before us is not one demanding the setting aside of the judgment of conviction notwithstanding the plea of guilty.

The motion for rehearing is overruled.

*Overruled.*