### SAM BENNETT v. THE STATE.

No. 9074. Delivered December 3, 1924.

Rehearing denied, January 21, 1925.

Burglary—Plea of Guilty—Supports Conviction.

Notwithstanding that appellant entered a plea of guilty, a motion for a new trial was filed one ground of which was that the verdict and judgment was not supported by the evidence. When a defendant pleads guilty he cannot urge the insufficiency of the evidence to such a plea. See opinion for collation of authorities. Art. 566 C. C. P. Following Doane v. State, 36 Crim. Rep., 468.

Appeal from the Criminal District Court of Dallas County. Tried below before the Honorable Felix D. Robertson, Judge.

Appeal from a conviction for burglary, penalty, two years in the penitentiary.

*Baskett & De Lee,* of Dallas, attorneys for appellant.

*Shelby Cox* District Attorney, Dallas, *Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Appellant is charged by indictment with burglary. Upon a plea of guilty his punishment was assessed at confinement in the penitentiary for two years.

Evidence was introduced, part of which consisted of appellant's confession. Notwithstanding the plea of guilty a motion for new trial was filed, one ground of which was that the verdict and judgment were not supported by the evidence. Article 566 C. C. P. reads as follows:

"Where a defendant in a case of felony persists in pleading guilty, if the punishment of the offense is not absolutely fixed by law, and beyond the discretion of the jury to graduate in any manner, a jury shall be impaneled to assess the punishment, and evidence submitted to enable them to decide thereupon."

It is apparent we think, from a reading of the article just quoted, that the primary purpose of requiring the introduction of evidence under a plea of guilty is to protect both the state and appellant in enabling the jury to intelligently fix the punishment under such plea. We quote from Doans' case, 36 Tex. Crim. Rep., 468, — S. W. —, in an opinion by Judge Davidson, the following:—

"The defendant pleaded guilty, and cannot urge the insufficiency of the evidence to such a plea. If the court, over the objections of the defendant, had improperly permitted illegal evidence to be introduced before the jury, calculated to prejudice the jury against the appellant, and induce them to award a severe penalty, appellant might complain. This, however, was not done."

To the same effect is the recent case of Connor v. State, 93 Texas Crim. Rep., 255, 246 S. W. 374. If no evidence had been introduced under the plea of guilty, or if the evidence adduced demonstrated the innocence of accused, we might be called upon to set aside the verdict. See Woodall v. State, 58 Texas Crim. Rep., 513, 126 S. W. 591; Martin v. State, 36 Texas Crim. Rep., 632, 36 S. W. 587, and other cases cited in the notes on page 289, Vol. 2, Vernon's Crim. Statutes. The instant case does not present such condition and appellant can not complain of the insufficiency of the evidence, having entered a plea of guilty.

The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

HAWKINS, JUDGE.—The precise question here presented was passed upon in No. 8792, Bennett v. State, the same grounds for rehearing being urged in each case. The reasons given in the other case justify overruling the motion for rehearing, and it is so ordered.

*Motion for rehearing overruled.*