### BENNETT v. STATE.   (No. 9074.)

(Court of Criminal Appeals of Texas.  Dec. 3, 1924.  Rehearing Denied Jan. 21, 1925.)

**Criminal law ⚖⇒273—Accused held not entitled to attack sufficiency of evidence adduced at hearing after plea of guilty.**

Accused *held* not entitled to attack verdict and judgment of conviction as not being supported by the evidence adduced at the hearing, after his plea of guilty, pursuant to Code Cr. Proc. art. 566, where the evidence adduced, including accused's confession, did not show that he was not guilty.

Appeal from Criminal District Court, Dallas County;  Felix D. Robertson, Judge.

Sam Bennett was convicted of burglary, and he appeals.  Affirmed.

Baskett & De Lee, of Dallas, for appellant.

Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

HAWKINS, J.  Appellant is charged by indictment with burglary.  Upon a plea of guilty his punishment was assessed at confinement in the penitentiary for two years.

Evidence was introduced, part of which consisted of appellant's confession.  Notwithstanding the plea of guilty, a motion for new trial was filed, one ground of which was that the verdict and judgment were not supported by the evidence.  Article 566, C. C. P. reads as follows:

"Where a defendant in a case of felony persists in pleading guilty, if the punishment of the offense is not absolutely fixed by law, and beyond the discretion of the jury to graduate in any manner, a jury shall be impaneled to assess the punishment, and evidence submitted to enable them to decide thereupon."

· It is apparent, we think, from a reading of the article just quoted, that the primary purpose of requiring the introduction of evidence under a plea of guilty is to protect both the state and appellant in enabling the jury to intelligently fix the punishment under such plea.  We quote from Doans' Case, 36 Tex. Cr. R. 468, 37 S. W. 751, in an opinion by Judge Davidson, the following:

"The defendant pleaded guilty, and cannot urge the insufficiency of the evidence to such a plea.  If the court, over the objections of the defendant, had improperly permitted illegal evidence to be introduced before the jury, calculated to prejudice the jury against the appellant, and induce them to award a severe penalty, appellant might complain.  This, however, was not done."

To the same effect is the recent case of Connor v. State, 93 Tex. Cr. R. 255, 246 S. W. 374.  If no evidence had been introduced under the plea of guilty, or if the evidence adduced demonstrated the innocence of accused, we might be called upon to set aside the verdict.  See Woodall v. State, 58 Tex. Cr. R. 513, 126 S. W. 591; Martin v. State, 36 Tex. Cr. R. 632, 36 S. W. 587, 38 S. W. 194, and other cases cited in the notes on page 289, vol. 2, Vernon's Crim. Statutes. The instant case does not present such condition, and appellant cannot complain of the insufficiency of the evidence, having entered a plea of guilty.

The judgment is affirmed.

#### On Motion for Rehearing.

The precise question here presented was passed upon in No. 8792, Bennett v. State, 267 S. W. 987; the same grounds for rehearing being urged in each case.

The reasons given in the other case justify overruling the motion for rehearing, and it is so ordered.