## ROY DAVIS V. THE STATE.

No. 10023.   Delivered June 9, 1926.

Rehearing denied October 20, 1926.

**1.—Embezzlement—Plea of Guilty—Effect Of.**

Where appellant enters a plea of guilty in felony cases, our law requires that some evidence be heard for the purpose of enabling the jury to fix the punishment. Such a plea admits the truth of all of the essential elements of the offense charged in the indictment, and in a case of embezzlement admits appellant's agency, which is an essential element of this offense.

**2.—Same—Continued.**

While it is true that some opinions have been handed down by this court whose effect is that when evidence introduced on a plea of guilty, demonstrates the innocence of the accused, the trial court should refuse to proceed further in acceptance of such plea, the evidence in the instant case cannot be construed as having that effect, but on the contrary it does clearly establish the agency of appellant to the principal, the Motors Acceptance Co., and the cause is affirmed.

ON REHEARING.

**3.—Same—Evidence—Held Sufficient.**

On rehearing, nothing is presented by appellant that would warrant a change in the views expressed by the court in the original opinion, and the motion for rehearing is overruled.

Appeal from the District Court of Hill County. Tried below before the Hon. Horton B. Porter, Judge.

Appeal from a conviction for embezzlement, penalty two years in the penitentiary.

The opinion states the case.

*Collins, Dupree & Crenshaw* of Hillsboro, for appellant. On question of agency appellant cites:

Brady v. State, 1 S. W. 463.

Smith v. State, 109 S. W. 119.

Griffin v. State, 4 Tex. Crim. App. 390.

Johnson v. State, 21 Texas, 775.

Read v. State, 16 Tex. Crim. App. 586.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in District Court of Hill County of embezzlement, punishment fixed at two years in the penitentiary.

Appellant pleaded guilty to embezzlement. It was charged in the indictment that he was the agent of the General Motors Acceptance Company, a corporation, and as such he embezzled and converted to his own use, without the consent of said corporation, $87.00 in money, the property of said corporation, which had come into his possession and was under his care by virtue of his agency. The plea of guilty was tantamount to an admission of the truth of each material averment in the indictment. The law requires, in all pleas of guilty in felony cases, that some evidence be heard for the purpose of enabling the jury to fix the penalty. In compliance with this statute the state introduced two witnesses. Poyner swore that he had appellant to install a Delco light plant at his home, and later gave him a check for $87.00 in January, 1924, which check was in part payment for said Delco plant. Said check had been paid by the bank on which it was drawn and charged to the account of witness. Mr. Cooper swore that he was distributor for the Delco Light Plant at Dallas. The Delco Company marketed its paper to the General Motors Acceptance Company. He said that appellant was a Delco light dealer in Hill County, whose business it was to distribute said light plants. Witness said he had a record of a sale of such a plant to Poyner but none of the payment of the $87.00 check.

Some opinions have been handed down by this court whose effect is that when the evidence introduced on a plea of guilty demonstrates the innocence of the accused, the trial court should refuse to proceed further in acceptance of such plea. Bennett v. State, 267 S. W. Rep. 988; Harris v. State, 172 S. W. Rep. 975. We think nothing in this record brings this case within the rule referred to. Appellant by his plea admits that he was the agent of the General Motors Acceptance Company; that as such $87.00 of the money of said company had come into his possession by virtue of his agency, and that same was embezzled by him without the consent of said company. Not one of these facts is contravened in the slightest by the testimony introduced. That appellant was a dealer in Delco light plants in Hill County, in no way hindered or affected his being an agent for the Motors

Acceptance Company to whom the Delco Company sold its commercial paper. On the contrary it would seem likely that the Motors Acceptance Company, if owning unpaid paper against Delco light purchasers in Hill County, and especially if the plants had been sold and installed by appellant, would make appellant their agent for the collection of such money when due.

The fact that the purchaser of the plant in question paid to appellant a check for $87.00 in no way contradicts the proposition that appellant collected the money on same as agent for the Motors Acceptance Company, or that instead of sending same to his principal he applied it to his own use, as admitted by him in his plea of guilty. Nothing in the statutes or the decisions require the state to prove by testimony, when there is a plea of guilty, that the accused is in law and in fact guilty of the offense charged. The reasons are obvious.

Being unable to agree with appellant in his contention that anything in the testimony demonstrates his innocence, or even brings it in doubt, the judgment will be affirmed.

*Affirmed.*

#### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We have again reviewed the evidence introduced before the trial court upon appellant's plea of guilty. We cannot agree with appellant's contention in the least that same affirmatively shows him to be not guilty of the offense of embezzlement charged against him. The matter is discussed sufficiently in the original opinion.

The motion for rehearing will be overruled.

*Overruled.*