## JOHNIE MEGGS V. THE STATE.

No. 10177.    Delivered November 24, 1926.

Rehearing denied February 23, 1927.

**1.—Delinquent Child—Evidence—Held Sufficient.**

Where, on a trial for being a delinquent child, the appellant entered a plea of guilty, and subsequently testified that there were some acts charged against him in the information that were not true, there was no error in the refusal of the trial court to withdraw from the consideration of the jury those acts charged in the information, which appellant had testified were not true. Having plead guilty the sufficiency of the evidence to sustain it was not in issue, unless the evidence was such as to affirmatively show that he was not guilty. Consor v. State, 246 S. W. 374, and cases therein cited.

**2.—Same—Juvenile Law Suspended Sentence—Statute Construed.**

Prior to the revisions of 1925, our statute contained a provision that upon a trial under the juvenile law for being a delinquent, the jury might determine whether or not the sentence might be suspended. In the revision of 1925, this provision was omitted. The suspended sentence feature of the old law, being a matter of procedure, and the revision being in effect at the time the appellant was tried, the procedure in force at the time of the trial was controlling. See Askew v. State, 127 S. W. 1037, and other cases cited.

**3.—Same—Charge of Court—On Penalty—Harmless if Error.**

Where, on a juvenile trial for delinquency the court failed to charge the jury that the limit of penalty was confinement for a period of five years, and the verdict assessed the punishment at a maximum of three years, the error in the court's charge, if error, was cured by the verdict. See Thompson v. State, 237 S. W. 928; Billings v. State, 245 S. W. 236.

ON REHEARING.

**4.—Same—No error Disclosed.**

On rehearing appellant calls our attention to certain bills which were not discussed in the original opinion. In view of the plea of guilty entered, and the evidence found in the record, it is not thought the matters complained of call for a reversal of the judgment, and the motion for rehearing is overruled.

Appeal from the 96th Judicial District Court of Tarrant County, sitting as a Juvenile Court. Tried below before the Hon. H. S. Lattimore, Judge.

Appeal from a conviction as a delinquent child, penalty from one to three years confinement at Gatesville.

The opinion states the case.

*Harry Myers* of Fort Worth, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The appellant is under conviction as a delinquent child, penalty confinement at Gatesville from one to three years.

The complaint and information contain several counts, one of which charged that the appellant associated with thieves, vicious and immoral persons; another that he habitually wandered about the streets at night time without any business or occupation; another that he committed theft of a watch of the value of $25.00; another that he carried a pistol on or about his person. The count charging that he carried a pistol was specifically withdrawn from the jury.

The appellant was tried before a jury upon a plea of guilty; the verdict adjudging him a delinquent and ordering his confinement in the State Juvenile Training School at Gatesville, Texas, for a period of from one to three years. He was tried in November, 1925. Some of the acts charged occurred in October, 1924. A recital of the evidence upon which the conviction rests is deemed unnecessary. Suffice it to say that it was quite sufficient to show that he was a delinquent child.

There are many exceptions to the court's charge which are deemed untenable. The appellant having entered a plea of guilty, the fact that he subsequently testified that there were some acts charged against him in the information which were not committed by him would not require a withdrawal of the fact from the consideration of the jury. Having by his plea of guilty admitted his guilt, the sufficiency of the evidence to sustain it was not in issue, unless the evidence was such as to affirmatively show that he was not guilty. Connor v. State, 246 S. W. 374, and cases therein cited.

Appellant insists that Title 16, C. C. P., Revision of 1925, changed the juvenile delinquency law by omitting therefrom the reference to the suspended sentence law which was embraced in the old Art. 1195, Vernon's Tex. Crim. Stat., Vol. 2, and that his trial should have been governed by the old law; and that consequently in failing to instruct the jury on the issue of suspended sentence, the court was in error.

Under the amendment to the juvenile law embraced in Chap. 26, Acts of 35th Leg., 4th Called Session, the distinction between juvenile delinquents who are charged with acts upon which there might be founded a felony conviction and those charged with acts which would be no more than a misdemeanor, seems to have been abandoned. All were put upon the footing of misdemeanors with the privilege, however, of having the jury determine whether or not the sentence should be suspended. See Ex Parte

Roach, 87 Tex. Crim. Rep. 370; Ex Parte Gordon, 89 Tex. Crim. Rep. 125. The law of suspended sentence, however, is found in Art. 865b, C. C. P., Vernon's Tex. Crim. Stat., Vol. 2, p. 857, and the validity seems to have been sustained upon the theory that it was a matter of procedure; that is, directing that upon certain findings of the jury the trial should be suspended and the cause continued and reopened upon the happening of certain contingencies. Baker v. State, 70 Tex. Crim. Rep. 618. See Snodgrass v. State, 150 S. W. 162, wherein a statute, which was not one of procedure, was held invalid. In the statute, as revised in 1925, the reference to the suspended sentence in the juvenile law is omitted. See Title 16, C. C. P. The revision was in effect at the time the appellant was tried and the procedure then in force was controlling. See Askew v. State, 127 S. W. 1037; James v. State, 163 S. W. 61; Mrous v. State, 21 S. W. 764; Hopt v. People of Utah, 110 U. S. 574.

The position taken is that under the law, the limit of the penalty was confinement for a period of five years, and that in failing to so instruct the jury prejudicial error was committed. If it be granted that this was error (which is not done) it was cured by the verdict. See Thompson v. State, 237 S. W. 928; Billings v. State, 245 S. W. 236.

The judgment is affirmed.                          *Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant asks in his motion that we consider his bills of exception which bring forward complaint of certain evidence received and things occurring during the trial which bills were not discussed in our former opinion. We have examined all the bills and in connection with them again reviewed the evidence. In view of the plea of guilty entered and the evidence found in the record it is not thought the matters complained of call for a reversal of the judgment.

The motion for rehearing is overruled.           *Overruled.*