## J. B. WRIGHT v. THE STATE.

No. 11722.   Delivered October 3, 1928.
Rehearing denied December 19, 1928.

The opinion states the case.

*George P. Brown* and *R. L. Moulden* of McKinney, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for assault with intent to rape. The specific charge against appellant was an assault with intent to rape a female under the age of consent. Under all the formalities required by law he entered his plea of guilty and asked for a suspended sentence. The jury denied a recommendation for suspended sentence and assessed his punishment at six years in the penitentiary.

No bills of exception are brought forward complaining of any proceeding during the trial. The insufficiency of the evidence is the only question urged. By his plea of guilty appellant admitted the existence of the statutory elements of the crime charged against him. Bennett v. State, 98 Tex. Cr. R. 660, 267 S. W. 988. Unless the evidence introduced under such plea affirmatively shows the innocence of accused the verdict will not be set aside on appeal. Connor v. State, 93 Tex. Cr. R. 255, 246 S. W. 374; Meggs v. State, 106 Tex. Cr. R. 136, 291 S. W. 545; Davis v. State, 105 Tex. Cr. R. 89, 287 S. W. 55. The cases cited and authorities therein referred to lead to the conclusion that the court would be unauthorized to disturb the verdict under the evidence brought forward. The scene of the assault was a bridge on a highway. The bridge could be observed for some distance by those approaching it on the highway from either direction. Prosecutrix was a fourteen-year-old school girl, on her way home from school when the assault was committed. Appellant testified admitting the assault but claimed he did not intend to have intercourse with prosecutrix on the bridge, but that his

efforts were directed towards getting her consent to the act and to accompany him for that purpose to a more private spot in the brush near the bridge. One expression of prosecutrix taken from her cross-examination supports this theory, but her testimony as a whole given upon the trial, and the transaction as detailed by her to her father and mother upon her arrival home supports the finding that appellant's assault was more than persuasive entreaty. He placed his hand over her mouth to stifle her outcries, choked her, skinned her lip, and bruised her back against the banisters on the bridge, at the same time trying to forcibly remove her underclothing. It is not necessary to here repeat the language used by him during the assault, but it together with his conduct would support the conclusion that he had the present intention to then and there indulge in sexual relations with prosecutrix.

The judgment is affirmed.

*Affirmed.*

### ON·MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant moves for a rehearing on the ground of the insufficiency of the testimony to support the judgment. The motion appears to be entirely without merit. Appellant plead guilty.

The motion for rehearing will be overruled.

*Overruled.*