CLINTON ALBERT ALTON V. STATE.

No. 24180. December 22, 1948.

Hon. Henry King, Judge Presiding.

*Bert Ashby,* of Dallas, for appellant.

*Will R. Wilson, Jr.,* Criminal District Attorney, *George P. Blackburn,* First Assistant District Attorney, and *Henry Wade,* Assistant District Attorney, all of Dallas, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was indicted by the grand jury of Dallas County

in separate indictments for four felonies less than capital. The cases were numbered on the docket of the District Court as follows: 3845-B, 3846-B, 3847-B, and 3898-B. When the cases were called for trial, appellant filed in said court a waiver of trial by jury in each case stating therein that he desired to enter a plea of guilty in each of the four cases which was agreed to by the state and approved by the court. After being duly warned by the court as required by law, he entered his plea of guilty to each of the four cases, which plea was accepted by the court.

It appears from the record that the state and appellant agreed as to what the testimony of the complaining witness in each case would be, which was introduced in evidence. Appellant took the witness stand in each of the cases and, under oath, admitted that he was guilty in each of the four cases wherein he was charged with burglary. The court assessed his punishment in each of the cases at confinement in the state penitentiary for a term of three years.

Thereafter, appellant engaged the services of another attorney who filed a motion for a new trial in each of said cases by combining the grounds upon which he sought a new trial on the theory that the grounds for a new trial in each case were alike. On the hearing of said motion, the court granted him a new trial in Causes Nos. 3846-B and 3847-B, but overruled the same insofar as it related to Causes Nos. 3845-B and 3898-B, to which action of the court he excepted and gave notice of appeal to this court.

He filed separate transcripts in each of the two cases but only one combined statement of facts. He also filed a combined statement of facts adduced on the hearing of his combined motion for a new trial.

Appellant's only contention seems to be that the evidence is insufficient to sustain his conviction. With this contention we cannot agree. Appellant informed the officers where the property taken from the burglarized premises was located, and it was there found and recovered by the officers and identified by the owners. This showed him to be in possession of recently stolen property which, together with his voluntary confession and his testimony at the trial that he was guilty, was sufficient to justify his conviction. See Bennett v. State, 98 Tex. Cr. R. 660 and 661 (267 S. W. 987 and 988).

After his conviction, appellant filed a motion for a new trial.

The court heard evidence relative to the matters therein charged and at the conclusion thereof overruled the same. We have read the evidence adduced by him on his motion and have reached the conclusion that the court was justified in overruling the same.

The judgment of the trial court is affirmed.

Opinion approved by the Court.