### J. G. RAINEY V. THE STATE.

No. 10375.     Delivered January 12, 1927.

**1.—Theft—Ownership—Allegation and Proof—No Variance.**

Where, on a trial for theft, the indictment alleged the ownership of the property in question to be in one Vannoy. The proof showed the ownership to be in Vannoy and another, and that Vannoy was in actual charge of the store, and in actual possession of the ring at the time it was stolen. There was no variance between this proof and the allegation of ownership in the indictment.

**2.—Same—Charge of Court—Defining "Fraudulent Taking"—Held Correct.**

Where the court charged the jury in a theft case, defining the words "fraudulent taking," as used in the charge, as meaning that the person taking knew at the time that the property was not his own; second, that the property was taken without the consent of the owner, and third, that

the property was taken with intent to deprive the owner of the value of same, and to appropriate it to the use or benefit of the person taking. This charge was a correct presentation of the law.

### 3.—Same—Charge of Court—On Circumstantial Evidence—Must Be Excepted to.

In the absence of an exception properly taken to the failure of the court to charge on circumstantial evidence, no error is presented to this court. Such failure is not regarded as fundamental error. Following Charles v. State, 85 Tex. Crim. Rep. 534, and Givens v. State, 98 Tex. Crim. Rep. 651.

### 4.—Same—Charge of Court—Exceptions To—Rule Stated.

Where the exceptions to the court's charge were merely marked "overruled" this is not sufficient. The certificate of the trial judge to the exceptions to the court's charge must show that same were presented to the court at the proper time, and that same were overruled, and that appellant excepted to the action of the court. Following Gibson v. State, 88 Tex. Crim. Rep. 285.

### 5.—Same—Requested Charges—Exceptions to Refusal—Rule Stated.

Where requested special charges are presented to the trial court, and refused, they must be noted as such refused charges by the judge, and that same were refused, and appellant that excepted to the refusal to give same, or the refusal to give such requested charge must be presented by separate bills of exception.

### 6.—Same—Charge of Court—Defensive Theory—Properly Presented.

The defensive theory of appellant, that he took the ring in question through mistake, was not only correctly submitted to the jury in the court's main charge, but was also given in appellant's requested special charge. Finding no error in the record, the judgment will be affirmed.

Appeal from the District Court of Denton County. Tried below before the Hon. W. S. Moore, Judge.

Appeal from a conviction of theft, penalty two years in the penitentiary.

The opinion states the case.

*Sullivan, Speer & Minor* of Denton, for appellant. On allegation of ownership, appellant cites: Connor v. State, 24 Tex. Crim. App. 245; Williams v. State, 26 Tex. Crim. App. 131; Williams v. State, 57 S. W. 93; Spiller v. State, 135 S. W. 549; Schenck v. State, 174 S. W. 356.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, Judge.—Conviction in District Court of Denton County of felony theft, punishment two years in the penitentiary.

According to the state's theory of this case, appellant went into a jewelry store in the city of Denton and submitted to the jeweler a diamond ring for an appraisement of its value, and during a conversation regarding same said jeweler produced a ring belonging to him which was used for comparison. Being called to some other part of his place of business, the jeweler left his ring lying on the showcase. While he was absent appellant left the store, taking the jeweler's ring with him. Presently missing his ring, the jeweler went to appellant's room in said city and there informed him that said ring was missing. Appellant took from his pocket a little box containing a ring which he exhibited to the jeweler, who looked at same, but affirmed that it was not his. The jeweler returned to his place of business and made further search for the ring without success. He presently observed appellant get into a bus which ran between Denton and Dallas. He went out to where appellant was and was informed by the latter that he was going to Dallas to further investigate the value of his ring. As the bus containing appellant was entering the city limits of Dallas two officers stopped it. One of them testified that he saw appellant drop something through the ventilator of the car. The ring belonging to said jeweler was found by the officers after appellant's arrest upon the floor of the car. The driver of the bus said that upon observing the officers appellant said they were looking for him. The defensive theory was a taking by mistake appellant testifying that he had, in addition to his ring, a mounting for a ring which had no stone in it, in said jewelry store, and that when he left the place he put his own ring in his pocket, as he thought, and wrapped up in tissue paper said mounting and put it in his pocket also. He said that when said jeweler came to his room later for the ring in question that he did not know that he had put the jeweler's ring in his pocket, and that the ring exhibited by him to the jeweler in said room was the jeweler's ring in fact. He further testified that on his way from Denton to Dallas, while the driver of the bus was fixing some bit of machinery and the car was stopped, he discovered that he had taken the jeweler's ring by mistake and that he had it in his possession. He said he then concluded that he would carry the ring on to Dallas with him and later in the day would carry same back to Denton and return it to the owner. He explained his dropping the ring in the front of the car when the officers stopped it upon the theory that he did not want to be found in

possession of the ring and be arrested for the theft and get unpleasant notoriety; that he preferred to lose the ring and pay the jeweler for it. The jeweler testified that the ring shown him by appellant in his room was not the ring which he had lost, but apparently the ring which belonged to appellant.

Appellant insists that the allegation of ownership was not met by the proof. The allegation was of ownership in one Vannoy; the proof showed that Vannoy and another were in business together, Vannoy owning the larger part of the business and his brother owning a minor interest. Vannoy said at one place that the business was a company. There seems no question of the fact that Vannoy was in actual charge of the store and in actual possession of the ring at the time it was taken, if it was. The authorities cited by appellant in his brief on this point seem to be entirely different on their facts. We are unable to agree with appellant's contention in this regard.

The court told the jury in his charge that theft was the fraudulent taking of corporeal personal property, etc., and defined the words "fraudulent taking" as used in the charge as meaning that the person taking knew at the time that the property was not his own; second, that the property was taken without the consent of the owner, and, third, that the property was taken with intent to deprive the owner of the value of same and to appropriate it to the use or benefit of the person taking. We observe no impropriety in this definition either generally or under the facts of this particular case.

Appellant complains that the court did not submit the case upon the theory of circumstantial evidence. There was no exception to the charge for such failure. There being no exception to the charge upon this ground, the matter is not before us. Such failure is not regarded as fundamental. Charles v. State, 85 Tex. Crim. Rep. 534; Givens v. State, 98 Tex. Crim. Rep. 651.

The exceptions to the court's charge were merely marked "overruled." This is not sufficient. Gibbs v. State, 88 Tex. Crim. Rep. 489. There must be some certificate of the trial judge appended to a document purporting to contain the exceptions to the charge, by which this court can be authoritatively apprised of the fact that the exceptions were presented to the court at the proper time. Gibson v. State, 88 Tex. Crim. Rep. 285. This does not appear to have been done in this case.

There appear in the record a number of special charges, all but one of which were refused. Neither by any notation made by the trial judge upon said charges, nor by separate bills of exception reserved and presented in this record, is there any

complaint of the refusal of said charges. So far as we are informed the refusal of the court to give such charges was acceptable to the appellant.

We are unable to agree with the proposition that the trial court did not affirmatively present the defensive theory of a taking by mistake. He gave special charge No. 3, which stated that if the appellant originally took the ring in controversy by mistake, upon the belief that it was his own, even though the jury should find and believe that he thereafter formed the intent to approprite it to his own use and benefit, they could not convict, but should return a verdict of not guilty. We further observe in paragraph nine of the main charge almost exactly the same language was used in an instruction to the jury there appearing.

Being unable to agree with appellant in any of his contentions, and finding no eror in the record, the judgment will be affirmed. *Affirmed.*